| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **FOR PUBLICATION** |

------------------------------------------------------------x

In re:

    NALINI C. LOPES,                                CHAPTER 7

                                                              Case No. 05-36535(CGM)

                          Debtor.

------------------------------------------------------------x

EMPIRE BONDING AGENCY d/b/a
SIM-3 MANAGEMENT CORP.,                    Adv. Pro. No. 05-09043

                        Plaintiff,

    -against-

NALINI C. LOPES,

                        Defendant.

------------------------------------------------------------x

## **A P P E A R A N C E S**

Michael L. Carey, Esq.
Jacobowitz & Gubitz, LLP
Attorneys for Plaintiffs
158 Orange Avenue
P.O. Box 367
Walden, New York 12586

Lewis D. Wrobel, Esq.
Attorney for Debtor Defendant
12 Raymond Avenue
Poughkeepsie, New York 12603

CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

       This case presents the issue of whether a private professional bail bond surety

may seek a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(7)

against a debtor who agreed to indemnify the bail bonding agency if her husband did not

appear in on his appointed trial date.  Section 523(a)(7) excepts from discharge those

debts that are "..a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss…" The Court finds that Plaintiff is not a governmental unit, and that the debt Plaintiff asks the Court to determine as non-dischargeable is compensation for pecuniary loss, and therefore dismisses Plaintiff's cause of action pursuant to 11 U.S.C. § 523(a)(7).

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. Determinations as to the dischargeability of particular debts are "core proceedings" under 28 U.S.C. § 157(c)(2)(I).

## BACKGROUND FACTS

Debtor filed the instant Chapter 7 case on May 17, 2005. At the time of the bankruptcy filing, Debtor owned real property located at 10 Broadview Lane, Red Hook New York, where she resided. The Court lifted the stay to allow Wells Fargo to continue its foreclosure action with regard to the real property on August 16, 2005.

Debtor's schedules listed a debt owed to Empire Bonding in the amount of $275,000. Empire Bonding is a New York business corporation with a principal place of business at 62 Nichols Court, Hempstead, New York. The circumstances of Debtor's incurrence of this debt are significant to this proceeding - Debtor executed an indemnity agreement in July, 2005, which provided that defendant Sean Lopes, Debtor's husband, would appear in the Court on a scheduled trial date. Mr. Lopes apparently absconded, did not appear for trial, and the bail bond was forfeited to the New York County District

2

Attorney's Office.  Debtor became liable pursuant to the indemnity agreement for the full amount of the bond when Empire paid the New York County District Attorney's Office Mr. Lopes' forfeited bail.  Plaintiff subsequently obtained a judgment by confession from Debtor on November 22, 2004 in the amount of $250,225.00. The Affidavit of Confession of Judgment (the "Confession Affidavit"), attached as Exhibit "A" to Plaintiff's Complaint Objecting to Dischargeability, states that: "[t]he defendant [debtor] has executed an indemnity agreement with the plaintiff [Empire] in return for *the plaintiff posting a bail bond* in the Supreme Court, New York County, in the case of the People of the State of New York vs. Sean Lopes, Indictment # 3582/2004.  In the event of a Bail [sic] forfeiture the defendant is obligated to the plaintiff for the sum of $250,000 dollars plus interest at 9% per annum, legal fees and filing fees." (Emphasis supplied).

Plaintiff has filed two separate adversary proceedings naming Debtor as a defendant.  The instant case, case number 05-9043, contains causes of action pursuant to various sections of 11 U.S.C. § 523 (the "dischargeability complaint"). [1]  The second case, case number 05-9044, contained causes of action sounding in 11 U.S.C. § 727 (the "objection to discharge").[2] Issue was joined when Debtor filed answers in both cases on

---

[1] The complaint contained two other causes of action beside that discussed herein:  Count II – 11 U.S.C. § 523(a)(2) provides that a debt is nondischargeable to the extent it is for money property etc obtained by false pretenses, representation or actual fraud respecting the debtor's or an insider's financial condition. Empire maintains this is such a debt, as Debtor and her husband never intended to have him appear on the court date, and Debtor allegedly aided and abetted her husband in leaving the country, and  Count III, alleging that 11 U.S.C. § 523(a)(6) applied to this debt. Section 523(a)(6) excepts from discharge any debt arising from the willful and malicious injury by the debtor to another entity or to the property of another entity.  Plaintiff submits that the failure of the Debtor to produce her husband and disclose his intent to flight constitutes willful and malicious injury to the Plaintiff, and the Debtor's failure to maintain her current mortgage payments to Wells Fargo constituted willful and malicious injury to Plaintiff's interest in the real property.

[2] The complaint objecting to Debtor's discharge contained only one Count - Count I – 11 U.S.C. § 727, citing to subsections 2, 3, 4, 5 and 6 of § 727, but failing to specify exactly which subsection specifically applied to Debtor's actions.  Instead, the Complaint merely states "upon information and belief, the Debtor violated the foregoing provisions of…§ 727 when the Debtor assisted her husband in leaving the country

3

September 26, 2005. Debtor subsequently filed Motions to Dismiss the two filed adversary proceedings. During a hearing conducted on December 20, 2005, this Court partially granted Debtor Defendant's Motion to Dismiss Adversary Proceeding, *see* ECF Docket No. 6, case no. 05-9043, and granted Debtor Defendant's Motion to Dismiss adversary proceeding number 05-9044 in its entirety, *see* ECF Docket No. 12. Familiarity with this Court's oral ruling rendered on December 20, 2005 is presumed. The Court specifically permitted Plaintiff leave to replead the dismissed causes of action in both adversary proceedings in the December 20, 2005 oral ruling; however, Plaintiff has not replead any of the dismissed causes of action.

The only cause of action remaining at issue in this memorandum decision is Count I of the dischargeability complaint, which is brought pursuant to 11 U.S.C. § 523(a)(7). Section 523(a)(7) provides that a discharge under 727 of this title does not discharge an individual debtor from a debt to the extent that such debt is for a forfeiture payable to or for the benefit of a government unit. Empire Bonding maintains this debt constitutes such a forfeiture.[3] Debtor responds that Plaintiff is not a governmental agency within the meaning of § 523(a)(7), and thus does not have standing to assert this cause of

---

with property belonging to the Debtor and the estate." *See* ECF Docket No. 1, ¶ The Count goes onto allege the Debtor may have been in contact with her husband, yet falsely denies she has been in contact with him or knows where he is. The complaint also contained the conclusory allegation that Debtor has not explained the loss of assets or deficiency of assets to meet Debtor's liabilities. The Court's dismissal of this adversary proceeding has not been appealed.

[3] Count I of the complaint in this adversary proceeding is set forth below, in its entirety:

20. The plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 as if set forth herein at length.
21. 11 U.S.C. § 523(a)(7) provides that a discharge under 727 of this title does not discharge an individual debtor from any debt – to the extent such debt is for a…forfeiture payable to or for the benefit of a governmental unit.
22. Empire maintains that the debt owed by the Debtor constitutes a debt from a forfeiture payable to a governmental unit and is an exception to discharge pursuant to 11 U.S.C. §523(a)(7).

WHEREFORE, Empire requests entry of a judgment declaring the debt owed to Empire excepted from discharge pursuant to 11 U.S.C. §523(a)(7) and for such other relief as granted by the Court.

action. Debtor also argues that a debt arising from a bail bond forfeiture does not fall within the purview of § 523(a)(7). Plaintiff counters that because the payment was ultimately made on the forfeited bond to a governmental unit when Mr. Lopes failed to appear in Court, the debt at issue is governed by § 523(a)(7).

As the parties' briefing on the issue of the dischargeability of the bail bond was sparse, the Court directed the parties to submit supplemental briefs on this issue alone. Upon the submission of the supplemental briefs, the Court rendered a partial oral ruling on January 31, 2006, indicating that this memorandum decision would be forthcoming.

## DISCUSSION

### Standard on a Motion to Dismiss Pursuant to Fed. R. Bankr. P. 7012(b)(6)

The Debtor has moved pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceeding by Federal Rule of Bankruptcy Procedure 7012,[4] to dismiss the complaints in two adversary proceedings on the grounds that each fails to state claims upon which relief can be granted. In determining whether to grant a motion under Rule 12(b)(6), the court may not consider any material other than the pleadings. A motion under Rule 12(b)(6) is directed solely at the complaint. The court must presume that all factual allegations of the complaint are true and make reasonable inferences in favor of the non-moving party. *E.E.O.C. v. Staten Island Sav. Bank*, 207 F.3d 144, 148 (2d Cir. 2000). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

---

[4] The Motions to Dismiss were treated as motions for judgment on the pleadings made pursuant to Fed. R. Bankr. P. 7012(h)(2), which states in pertinent part:

"(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.

5

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). The burden of proving that no claim has been stated is on the moving party. *Rimbau v. Colodner (In re Colodner)*, 147 B.R. 90, 92 (Bankr. S.D.N.Y. 1992) (Schwartzberg, J.). Dismissal is warranted only if it plainly appears that the non-movant "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Exceptions to discharge are to be narrowly construed in favor of a debtor, *see In re Renshaw*, 222 F.3d 82 (2d Cir. 2000), to effectuate the fresh start purposes of the bankruptcy laws, because "[p]ublic policy favors the discharge of the honest debtor…"*Migoscha v Meffert (In re Meffert)*, 232 B.R. 71, 73 (Bankr. S.D.N.Y. 1998).

<u>Does 11 U.S.C. § 523(a)(7) Render Debtor's Obligation to Plaintiff Non-dischargeable?</u>

This case presents an interesting question that does not appear to have been addressed by any published decision that this Court was directed to or could find through its own independent research. The Debtor herein is not the criminal defendant who absconded, and Plaintiff is not the state agency to whom a forfeiture is owed. In fact, New York County was paid in full on the forfeited bail bond, *see* Exhibit "C" to the Complaint. The issue presented appears to be whether a debtor, who agreed to indemnify a private bail bondsperson if her accused husband did not appear for trial, may discharge the debt owed to the private bail-bonding agency upon her husband's absconding from the jurisdiction? There is no dispute that Plaintiff paid New York County on the forfeited bail bond, or that Defendant Debtor agreed to indemnify Plaintiff under these circumstances.

11 U.S.C. § 523(a)(7) states that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

6

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss…" For a debt to be non-dischargeable pursuant to § 523(a)(7), three requirements must be satisfied: the debt must be (1) for a fine, penalty or forfeiture, and it must also be (2) payable **to and for** the benefit of a governmental unit, but (3) may not be compensation for actual pecuniary loss.

<u>Is Debtor's obligation a "forfeiture" within the meaning of § 523(a)(7)?</u>

The majority of the cases dealing with the issue of whether forfeiture of bail bonds were non-dischargeable deal with circumstances in which professional bail bondspersons have themselves filed bankruptcy, and been unable to meet their surety obligations to governmental agencies. Plaintiffs in those actions were the state agencies to whom forfeiture was owed. Until recently, the overwhelming majority of bankruptcy courts dealing with this issue held that the debt owed to the governmental unit by the professional bail bond agency was contractual in nature, and did not meet the requirement of the first prong of § 523(a)(7) that the debt be for a fine, penalty or forfeiture. In making the determination that these contractual obligations were not "forfeitures" within the meaning of § 523(a)(7), the bankruptcy courts relied upon *Kelly v. Robinson*, 479 U.S. 36 (1986), in which the Supreme Court provided bankruptcy courts with guidance as to the manner of debt that § 523(a)(7) was intended to protect from dischargeability.

"…[W]e hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence…[§523(a)(7)] creates a broad exception for all *penal sanctions*, whether they be denominated fines, penalties, or forfeitures. Congress included two qualifying phrases; the finds must be both to and for the benefit of a governmental unit and not compensation for pecuniary loss."

*Id.* at 50, 51.

7

Penal sanctions, therefore, are sanctions imposed by a state criminal court as a part of a criminal sentence, and it is this type of debt that the Supreme Court has determined to be non-dischargeable in bankruptcy. As stated, a majority of bankruptcy courts have interpreted the *Kelly* decision to exclude non-penal forfeitures from the purview of § 523(a)(7). *See generally Pioneer General Insurance Co. v. Paige (In re Paige)*, 1988 WL 62500 (Bankr. D. Colo. 1988) (Debtor incurred debt as a result of voluntarily assuming the role of a surety or guarantor, arising from purely financial and contractual arrangements, and thus, debt was dischargeable); s*ee also In re Collins,* 173 F.3d 924 (4th Cir. 1999) (surety bonds posted by professional sureties are contractual obligations, subject to general rules of contract law); *In re Hickman*, 260 F.3d. 400 (5th Cir. 2001).

The Third Circuit in *In re Nam,* 273 F.3d 281 (3rd Cir. 2001) has departed from this established authority as regards the nature of forfeitures, holding that a third-party surety obligation on a bail bond is non-dischargeable pursuant to § 523(a)(7). The Third Circuit determined that the forfeiture of the bail bond, although not a "penal sanction," nevertheless fell within the purview of § 523(a)(7) as a forfeiture payable to a governmental agency, distinguishing *Kelly* as primarily addressing restitution obligations. *See id.* at 287. The *Nam* court reasoned that although *Kelly* stands for the proposition that some penal obligations may not be discharged, it does not necessarily follow that *only* penal obligations are excepted by § 523(a)(7). *Id.* at 287. Additionally, the *Nam* court relied on the plain meaning of the word "forfeiture," as well as Pennsylvania state law, in holding that the third party surety (the criminal defendant's father) could not discharge the forfeited bail bond, which he owed directly to the Commonwealth of Pennsylvania.

8

The Third Circuit recently extended the holding in *Nam* to apply to commercial bail bondspersons, finding that judgments held by the State of New Jersey against a commercial bail bondsman, which arose from the failure of criminal defendants to appear in court and the bondsman's nonperformance of his duty to produce those defendants, were "forfeitures" excepted from discharge in the bondsman's Chapter 7 proceeding. *See Dobrek v. Phelan*, 419 F.3d 259, 263 (3rd Cir. 2005). The Third Circuit reiterated its position that the plain meaning of the word forfeitures encompassed any "deprivation of a right in consequence of the nonperformance of some obligation or condition," which would include contractual obligations owed to the state by professional bail sureties. *Id.* at 286.

If this Court were in this case to apply the analysis established by the Fourth and Fifth circuits in interpreting the *Kelly* decision, there would be no doubt that the debt owed by Defendant to Plaintiff under these circumstances is contractual, rather than penal, in nature. *See County of Berks v. Damore (In re Damore)*, 195 B.R. 40, 42 (Bankr. E.D. Pa. 1996) (where the debtor is not the defendant who failed to appear in the underlying criminal proceeding, but rather a surety on a forfeited bail bond who had no penal sanctions against him, the debtor's obligation on the bail bond is contractual, rather than penal and does not fall within the purview of § 523(a)(7)). An agreement between the parties created Defendant's obligation to Plaintiff, not a criminal statute. Plaintiff required Debtor to execute an indemnity agreement as a condition of Plaintiff posting a bail bond on Mr. Lopes' behalf. The Affidavit of Confession of Judgment plainly states that the indemnity agreement was executed in return for the Plaintiff's posting a bail bond in New York County Supreme Court. *See* Exhibit "A" to the Complaint. The debt at

9

issue therefore arises from a contractual relationship between Debtor and Plaintiff, and is not in the nature of a penal sanction leveled against Debtor in connection with New York's criminal laws. Under the analysis set fort in *Collins* and *Hickman,* then, Debtor would be entitled to discharge the debt owed to Plaintiff.

The Court does not need to apply the analysis set forth in the *Nam* case because the Court finds that the debt does not fall within the ambit of § 523(a)(7) despite its characterization *vel non* as a forfeiture – the debt is compensation for Plaintiff's pecuniary loss pursuant to a contractual relationship between Debtor and Empire Bonding, a private, corporate (as distinguished from a governmental) entity. This case is factually distinguishable from *Nam* and *Dobrek* in that the plaintiff bail bondsperson seeks a determination of non-dischargeability against an individual debtor who agreed to indemnify the private bail bondsperson. In both *Nam* and *Dobrek*, the money owed pursuant to the forfeited bail bonds was payable by the bankruptcy debtor's directly to the Commonwealth of Pennsylvania and New Jersey, which are unquestionably governmental agencies of the kind referred to in § 523(a)(7). The Court need not weigh in on the disagreement among the circuit courts on the nuances of penal sanctions versus forfeitures generally as it is unnecessary to the ultimate resolution of this issue, in that Plaintiff is not a governmental agency, and is seeking reimbursement for money paid, two factors which prevent Plaintiff from seeking a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(7).

<u>The Obligation Owed to Empire is for Purely Pecuniary Loss</u>

It appears that the debt Plaintiff asks the Court to declare non-dischargeable is compensation for monetary loss suffered by Plaintiff when Plaintiff was required to pay

New York County on the forfeited bail bond. "Pecuniary loss" is defined as "A loss of money or of something having monetary value." <u>Black's Law Dictionary</u>, 964 (8th Ed. 2004). The indemnity agreement provides at paragraph 2:

> THAT THE UNDERSIGNED WILL AT ALL TIMES INDEMNIFY AND SAVE SURETY OR ITS AGENT , HARMLES FROM AND AGAINST EVERY AND ALL CLAIMS, DEMANDS, LIABILITY, COST CHARGE, COUNSEL FEE, EXPENSE, SUIT ORDER, JUDGMENT OR ADJUDICATION WHATSOEVER WHICH THE SAID SURETY OR ITS AGENTSHALL OR MAY FOR ANY CAUSE AT ANY TIME SUSTAIN OR INCUR BY REASON OR IN CONSEQUENCE OF THE SAID SURTEY HAVING EXECUTED SAID BOND OR UNDERTAKING. <u>WILL UPON DEMAND PLACE THE SAID SURETY OR ITS AGENT IN FUNDS TO MEET EVERY CLAIM,</u> DEMAND, LIABILITY, COST, CHARGE, COUNSEL FEE, EXPENSE, SUIT,ORDER, JUDGMENT OR ADJUDICATION AGAINST IT BY REASON OF SUCH SURETYSHIP, AND BEFORE IT OR ITS AGENT SHALL BE REQUIRED TO PAY SAME.

Emphasis supplied.

The plain language of the indemnity agreement indicates that Debtor's obligation to Plaintiff is monetary in nature. The debt sought to be declared non-dischargeable by Plaintiff compensates Empire for purely pecuniary loss; that is, the money paid to New York County for Mr. Lopes' forfeited bail bond. The Court cannot see that the obligation owed on this bail bond "is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender…" *Kelly, supra*, at 52, or some other sort of non-pecuniary loss that may be suffered by Plaintiff. Plaintiff provided its bond to New York County that it would produce Mr. Lopes for trial or pay Mr. Lopes' bail. In return for Plaintiff's performance as bail bondsperson, Defendant executed the indemnity agreement at Plaintiff's behest to ensure that Plaintiff had a contractual right to repayment from Debtor in the event of Mr. Lopes' non-appearance.

11

Plaintiff now seeks reimbursement from Debtor in reliance on the indemnity agreement. This is a purely pecuniary recovery, and does not have its foundation in any intangible, non-monetary interest of Plaintiff.  Plaintiff is a private enterprise whose interest in recovery of these funds is purely financial.  Plaintiff is no different than any other creditor of the Debtor in this regard.

<u>Empire Bonding is Not a Governmental Agency</u>

Additionally, Empire Bonding has described itself to this Court as a private corporation organized under the laws of the State of New York.  *See* Complaint, case number 04-9044, paragraph 1.  Plaintiff is not a governmental agency, and the fact that it ultimately paid funds to a governmental agency when Mr. Lopes fled the jurisdiction does not alter Plaintiff's status as private corporate entity.  The case cited by Plaintiff in support of its claim for non-dischargeability, *In re Nam*, 273 F.3d 281 (3rd Cir. 2001), is inapposite to the situation that exists herein.  In *Nam*, debtor had agreed to serve as surety for his son's bail bond.  Bail was set at $1 million, conditioned on a 10% cash payment by the surety (debtor) and an agreement by the debtor and the surety to assume legal responsibility for paying the full amount of the bail directly to the Commonwealth of Pennsylvania.  Debtor's son ultimately did not appear in court and the bail bond was forfeited. The Court notes that the *Nam* case is factually dissimilar from the instant case in that the bail bond was issued by the Commonwealth of Pennsylvania directly, not by a third-party private bail bond agency.  Thus in the circumstances that were presented to the *Nam* court, the bail bond was forfeited by debtor (as obligor) directly in favor of a governmental agency, with no professional bondsperson as intermediary.  Plaintiff has not provided this Court with a citation to a single case in which a privately owned

12

corporate bail bond surety has been permitted to bring an action pursuant to 11 U.S.C. § 523(a)(7) directly against a non-principal debtor.

The cases the Court was able to find that were even remotely analogous to this situation involved non-dischargeability pursuant to 11 U.S.C. § 523(a)(1), involving the payment of taxes by a surety. In those circumstances, the debtor owed a debt directly to the state authority for the unpaid taxes and the surety was able to assert a cause of action on a subrogation theory. *See Hartford Cas. Ins. Co.*, 926 F.2d 501 (5th Cir. 1991). Subrogation is defined as "the substitution of one party for another whose debt the party pays, entitling the party to the rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary 1467 (8th ed. 2004). As Debtor had no direct liability to New York County in this case (Debtor is neither the bail bondsperson nor the criminal defendant), Plaintiff can not claim that it stands in the shoes of New York County as subrogee of New York State for dischargeability purposes; as the Confession Affidavit indicates, "the defendant has executed an indemnity agreement with the plaintiff in return for **the plaintiff posting a bail bond in the Supreme Court of New York County…"** Under the New York Criminal Procedure Law § 500.10, a criminal defendant is known as a "principal," but may also be an "obligor," that is, the person who executes a bail bond on behalf of the principal. A "surety" is an obligor who is not a principal. In this case, Empire is the surety, and Mr. Lopes is the principal. When Mr. Lopes absconded, New York County could not seek payment from Debtor – she was not the surety, or the obligor, or the principal. Rather, New York County's only recourse was against Plaintiff, who posted the bail bond. *See* New York Criminal Procedure Law § 540.10(3), which states, *inter alia*, that upon forfeiture of a bail bond, a judgment may be

13

entered against the obligor. The indemnity agreement between Debtor and Plaintiff was separate from Plaintiff's obligation to make payment to New York County, and thus, does not implicate 11 U.S.C. § 523(a)(7), even by association. *Cf. Van Deusen v. New York*, 470 N.Y.S.2d 770 (N.Y. App. Div. 1983) (obligation to produce defendant for trial runs from the obligor, defined to include a surety as well as a defendant, to the People, and a person who is not a surety, but who stands merely as an indemnitor, has no standing to seek bail remission).

The *Nam* court was careful to mention that public policy concerns of sufficient magnitude existed to motivate its meticulous efforts to distinguish the admittedly meager authority on the proper application of § 523(a)(7). The Third Circuit opined that the public policy concerns addressed in the *Nam* case were not implicated in circumstances where professional bail bond agencies acted as sureties, as the professional bondsperson was compensated in advance through fees for the risk that a defendant will flee, and this risk is an anticipated cost of doing business. *See Nam, supra*, at 294 footnote 9. In considering Plaintiff's public policy concerns, i.e. that third party relatives of accused criminals will post bond for the criminal defendants, secure in the knowledge that a subsequent bankruptcy will expunge the debt, the Court is confident that the non-dischargeability provisions of 11 U.S.C. § 523(a)(2) adequately protect professional bail bond surety corporations from dishonest debtors. Although Congress intended, by enacting § 523(a)(7), to codify the longstanding exception to a bankruptcy discharge for criminal sentences, and to preserve for the states the right to formulate and enforce penal sanctions, *see Kelly, supra*, at 46, 47, Congress did not have the same interest in providing heightened protections to private bail bond agencies, which, the Court now

14

finds, are required to make the showing that 11 U.S.C. § 523(a)(2) is implicated in order to obtain a determination that money owed for a forfeited bail bond is non-dischargeable. The Court can see no reason that a private bail-bonding agency should receive any special protection from a bankruptcy discharge. The risk of flight is a cost of doing business for these agencies, and they are permitted to charge accordingly.

## **CONCLUSION**

For the foregoing reasons, the Court holds that Plaintiff is not entitled to a determination that Debtor's obligation is non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

Dated: Poughkeepsie, New York
       March 21, 2006

/s/ CECELIA G. MORRIS
CECELIA G. MORRIS, U.S.B.J.